IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERSHEL ALLEN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 4892 |
| | ) | |
| v. | ) | Honorable Judge Coar |
| | ) | Judge Presiding |
| KINGSWAY AMERICA, INC., d/b/a | ) | |
| UNIVERSAL CASUALTY COMPANY | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | **Jury Trial Requested** |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, HERSHEL ALLEN, by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, KINGSWAY AMERICA, INC., d/b/a UNIVERSAL CASUALTY COMPANY states as follows:

**PRELIMINARY STATEMENT**

1.  This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1981 and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3.     Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

**PARTIES**

4.     Plaintiff, HERSHEL ALLEN, is an African American citizen of the United States who resides in Illinois.

5.     Defendant, KINGSWAY AMERICA, INC., d/b/a UNIVERSAL CASUALTY COMPANY is a Delaware corporation, which has continuously, and does now employ more than fifteen (15) employees, is engaged in an industry that affects commerce and continues to do business in Illinois.

**PROCEDURE**

6.     Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on August 21, 2008.  On August 29, 2008, the U.S. Department of Justice, Civil Rights Division, issued Plaintiff a Notice of Right to Sue, which Plaintiff received on September 2, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**42 U.S.C. 1981-RACE DISCRIMINATION**

7.     Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.     Plaintiff began his employment with Defendant after over fifteen (15) years in the insurance claims business, on May 19, 2008.

9.     Prior to joining Defendant, Plaintiff worked in Arizona for Mosher Administrative Services, a third-party administrator of Defendant.

10. While Plaintiff was working for Mosher Administrative Services in Arizona, Defendant's Claims Manager Michelle Jacobs recruited Plaintiff to work for Defendant at its facility in Elk Grove Village, Illinois as a Commercial Claims Adjuster.

11. Plaintiff was induced by Defendant to move from Arizona to Illinois, at his own expense, in order to begin his new position with Defendant as a Commercial Claims Adjuster on May 19, 2008.

12. During the entire course of his employment with Defendant, Plaintiff was the only African American employed in Universal Casualty Company's Claims Department.

13. At all times relevant hereto, Plaintiff's performance was to the reasonable satisfaction of Defendant as evidenced by Plaintiff implementing the Mosher database at Universal Casualty Company and training all of his similarly situated colleagues and numerous other members of Defendant's staff and management on the use of the Mosher Database, in addition to fulfilling his normal duties as a Commercial Claims Adjuster. Any assertion that Plaintiff was not meeting the reasonable performance expectations of Defendant is pretextual for race discrimination.

14. Immediately upon beginning his new position with Defendant, Plaintiff was given the responsibility of implementing the Mosher Database at Universal Casualty Company. Plaintiff was also responsible for performing the regular duties a Commercial Claims Adjusters, which includes, but is not limited to, utilizing Defendant's Kiss software system in the processing of insurance claims.

15. Plaintiff's responsibilities for implementing the Mosher database at Universal Casualty Company included training all of Plaintiff's similarly situated non-African-American comparatives in Universal Casualty Company's Commercial Claims Department in the use of the

Mosher database, in addition to training Universal Casualty Company's management, accounting department, underwriting department, information technology department, and administration in the use of the Mosher Database.

16. Immediately upon arriving at Defendant, Plaintiff was given particular instruction to train Claims Adjuster Wojciech Rakowki, a significantly less experienced Caucasian employee on how to use the Mosher database.

17. During Plaintiff's entire tenure of employment with Defendant, Claims Adjuster Rakowki's sole job responsibility was to learn how to operate the Mosher database from Plaintiff even though Plaintiff, also a Claims Adjuster, not only had the responsibility for implementing the Mosher System, but also had the responsibility of training Rakowki and performing the normal duties and responsibilities of a Claims Adjuster.

18. After Plaintiff worked for Defendant for approximately one (1) month, Plaintiff was given the additional responsibility of training the substantially less experienced Caucasian Scott Mussil.

19. During the course of Plaintiff's employment with Defendant, Mussil subjected Plaintiff, the only African American in Universal Casualty Company's Commercial Claims department, to a barrage of racist remarks including, but not limited, to, informing Plaintiff that he "must be part monkey."

20. In late June 2008, Defendant terminated the employment of Tifany Hagler, Universal Casualty Company's only African-American supervisor, and replaced her with a non-African-American.

21. On August 11, 2008, Defendant's Caucasian Vice President of Claims, Kerry Lasoe,

terminated Plaintiff's employment for the purported reason that Plaintiff's employment was "not working out."

22. After Plaintiff's employment was terminated from his position with Defendant, substantially less experienced Caucasian Rakowki, who was trained by Plaintiff on the Mosher database, assumed all Defendant's duties and responsibilities with respect to the Mosher database. Plaintiff's other Caucasian comparatives assumed the rest of Plaintiff's duties and responsibilities after Plaintiff's employment was unlawfully terminated by Defendant.

23. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African American, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

24. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HERSHEL ALLEN, prays for judgement against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race.

C.  Order Defendant to make whole HERSHEL ALLEN by providing the affirmative relief necessary to eradicate the effects of the Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone, and future wages to HERSHEL ALLEN.

E.  Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate.

F.  Grant the Plaintiff his attorneys' fees, costs, and disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - TITLE VII-RACE DISCRIMINATION

25.  Paragraphs one (1) through twenty-four (24) are incorporated by reference as if fully set out herein.

26.  The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of his race, African American, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

27.  As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages, physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HERSHEL ALLEN prays for judgment against Defendant and respectfully requests this Court:

A.  Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate federal law;

B.  Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that unlawfully discriminates on the basis of race;

C.  Order Defendant to make whole HERSHEL ALLEN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.  Order Defendant to pay lost, foregone and future wages to HERSHEL ALLEN;

E.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant.

F.  Grant Plaintiff his attorneys' fees, costs, and disbursements; and

G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

28.  Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,<br>
HERSHEL ALLEN, Plaintiff,<br><br>
By: s/Lisa Kane<br>
Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Hershel Allen, Jr.<br>1018 N. Plum Grove Rd. #106<br>Schaumburg, IL 60173 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

Certified Mail 7001 0320 0006 1098 8070

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-07844 | Jacquelyn C. Gandy,<br>Investigator Support Asst | (312) 886-5976 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for** any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_ 8/29/2008

John P. Rowe,
District Director

(Date Mailed)

Enclosures(s)

cc: KINGSWAY AMERICA INC.
D/B/A Universal Casualty Company

Lisa Kane, Esq.

Verification

I, HERSHEL ALLEN, declare under penalty of perjury that the foregoing is true and correct.

Executed August 26, 2008.

_____
HERSHEL ALLEN